```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

|  |  |
|---|---|
| | ) |
| | )         MDL No. 1877 |
| | ) |
| IN RE CLASSICSTAR MARE LEASE | ) |
| LITIGATION | )         Master File: |
| | ) Civil Action No. 5:07-cv-353-JMH |
| | ) |
| | ) |
| | )    **MEMORANDUM OPINION AND ORDER** |
| | ) |

                         *** *** ***

This matter is before the Court on the Motion of Private Consulting Group, Inc. (hereinafter, "PCG" or "Movant"), to Stay Pending Arbitrations and Prohibit Raifman from Litigating Pending State Court Proceedings [Record No. 327].  Gregory R. Raifman and Susan Raifman, individually and as Trustees for the Raifman Family Revocable Trust Dated 7/2/03, and Gekko Holdings, LLC (hereinafter, "Raifmans" or "Respondents"), have filed a response objecting to PCG's motion [Record No. 355], and PCG has filed a reply in further support of its motion [Record No. 373].  This motion is now ripe for consideration.

**I.   Background**

PCG is a defendant in several individual actions pending before this Court as part of MDL No. 1877: *J&L Canterbury Farms, LLC, et al. v. ClassicStar, LLC, et al.,* Lexington Civil Action No. 07-349-JMH (alleging RICO violations, conspiracy, and negligent misrepresentation against PCG); *Goyak, et al. v. ClassicStar Racing*

*Stable, LLC, et al.*, Lexington Civil Action No. 08-53-JMH (alleging breach of fiduciary duty and negligent misrepresentation by PCG); and *Ginaldi, et al., v. ClassicStar, LLC, et al.*, Lexington Civil Action No. 08-109-JMH (alleging that PCG aided and abetted fraudulent transfers and breach of fiduciary duty).[1]

PCG is also defending itself in multiple arbitration proceedings and state court actions in California, all of which it alleges are directly related to ClassicStar's Mare Lease Program. In each of those arbitrations and actions, the plaintiffs are represented by Hon. Richard Idell, who represents the plaintiffs in *Raifman, et al. v. ClassicStar, LLC, et al.*, Lexington Civil Action No. 07-347-JMH, pending before this Court as part of MDL No. 1877. The Raifmans did not name PCG as a defendant Civil Action No. 07-347-JMH, and are instead pursuing claims against PCG in one of the separate arbitrations referenced above.  Additionally, two other sets of parties, the Stroupes and Diamonds, have filed arbitration demands against PCG with similar allegations.  Hon. Idell has also filed three state court actions, all now stayed pending arbitration, on behalf of these clients for the purpose of tolling

---

[1] PCG has also been named as a defendant in the Amended Complaint in *Skinner, et al. v. Plummer, et al.*, Lexington Civil Action No. 07-419-JMH (alleging breach of fiduciary duty, breach of contract, and negligent misrepresentation by PCG).  Summons was issued as to PCG on June 18, 2008, but there is no record of a return on same or any response to the amended complaint by PCG in the record of that individual action at this time.

the statute of limitations.[2] Each of these proceedings is described below.

Gregory and Susan Raifman, as well as Gekko Holdings, LLC, and Helicon Investments, Ltd., are claimants in an arbitration pending in San Francisco, California, bearing JAMS case number 1100052428, styled *Raifman, et al. v. Private Consulting Group, Inc., et al.* The respondents in that matter are Private Consulting Group, Inc., Robert L. Keys, Private Capital Management, Inc., and Charles Joseph Ramos, the Raifman's discretionary investment advisers. The Raifmans are also plaintiffs in a state court action, *Raifman, et al. v. Private Consulting Group, Inc., et al.*, CV-08-0588, in the Superior Court of California, County of Marin, filed to protect against a statute of limitations bar to their claims. That action has been stayed pending arbitration by the state court. Both the state court action and the arbitration allege claims for breach of fiduciary duty and other duties against the named investment advisers on grounds that these advisers placed the claimants in unsuitable investments, one of which is the ClassicStar Mare Lease Program at issue in the MDL.

---

[2] At the time that PCG filed its Motion to Stay Pending Arbitrations and Prohibit Raifman from Litigating Pending State Court Proceedings, two of the state Court proceedings had been stayed pending arbitration, but the third was still the subject of a motion to stay. The parties have indicated to the Court that the third case has now been stayed pending arbitration. Accordingly, PCG's request that the Court prohibit Raifman from litigating that case is now moot, and the Court will not consider it further.

The Raifmans and Gekko Holdings, LLC, but not Helicon Investments, Ltd., are plaintiffs in *Raifman, et al. v. ClassicStar, LLC, et al.*, Lexington Civil Action No. 07-347-JMH, pending before this Court. Neither PCG nor any of the Raifman's discretionary investment advisers are a party to *Raifman v. ClassicStar, LLC*, in which plaintiffs essentially claim that the ClassicStar Mare Lease Program was a fraudulent scheme created by its owners and managers to defraud purchasers out of millions of dollars. To that end, the Raifmans and Gekko Holdings, LLC, aver violations of RICO, common law fraud, aiding and abetting fraud, negligent misrepresentation, breach of contract, rescission of release, constructive trust, unjust enrichment, money and property had and received, accounting, civil theft, aiding and abetting civil theft, conversion, and negligence, against a number of parties other than PCG.

Audrey Stroupe, Howard Stroupe, and Laurie Stroupe, along with Stroupe Petroleum Maintenance, Inc., and LAB Breeding & Racing, LLC (hereinafter, "Stroupes"), are claimants in an arbitration pending in San Francisco, California, bearing JAMS case number 1100053422, styled *Stroupe, et al. v. Private Consulting Group, Inc., et al.* The Stroupes are also plaintiffs in a state court action, *Stroupe, et al. v. Private Consulting Group, Inc., et al.*, CV-07-6080, in the Superior Court of California, County of Marin, filed to protect against a statute of limitations bar to their claims. That action

has been stayed pending arbitration by the state court. None of the claimants in that arbitration or plaintiffs in that state action are parties to any action in the multi-district litigation. The arbitration and state court action allege claims of fiduciary and other duties against investment advisers for the Stroupes who placed them in the ClassicStar transactions.

Kristine Diamond and Justin Bayer (hereinafter, "the Diamonds") are claimants in an arbitration pending in San Francisco, California, bearing JAMS case number 1100051983, styled *Diamond, et al. v. Private Consulting Group, Inc., et al.* The Diamonds are also plaintiffs in a state court action, *Diamond, et al. v. Private Consulting Group, Inc., et al.*, CV-07-06081, in the Superior Court of California, County of Marin, filed to protect against a statute of limitations bar to their claims. That action has been stayed pending arbitration by the state court. The Diamonds are not parties to any action in the MDL. In the arbitration and the California action they allege claims for breach of fiduciary and other duties against the investment advisers for the Diamond family concerning two transactions, one of which relates to the ClassicStar Mare Lease program.

The Court understands that arbitration proceedings in each of the three JAMS matters are scheduled to take place before discovery in the present MDL is concluded. PCG argues that it must have access to all discovery that occurs in the MDL before claims are

5

arbitrated against it so that it can adequately defend itself on the issue of whether the Mare Lease Program was fraudulent, among other issues.  Further, argues PCG, the MDL litigation will yield important rulings on issues of law and fact regarding the legitimacy of the Mare Lease Program, creating a significant possibility of conflicting rulings.  As a result, PCG asks the Court to stay all arbitration proceedings related to the Mare Lease Program until discovery is complete in the MDL.  For the reasons which follow, PCG's motion shall be denied.

**II. DISCUSSION**

The primary question placed before the Court is whether the arbitration proceedings threaten this Court's jurisdiction over MDL No. 1877.  As a general matter, this Court has broad authority to issue injunctions in defense of its jurisdiction under the All Writs Act, which provides that:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651.  That power is not, however, without limitation. In the first instance, the All Writs Act itself limits injunctions to those "necessary or appropriate in aid of [the Court's] . . . jurisdiction."  *Id.*

This is echoed in the Anti-Injunction Act, which provides that:

6

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283. This is understood to mean that, "[i]n *in personam* actions, federal courts may not enjoin pending state proceedings over the same subject matter." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1103 (11th Cir. 2004). Indeed, where applicable, the Anti-Injunction Act creates a presumption that, with the three stated exceptions, state court proceedings may proceed parallel to those in federal court. *See Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 642 (1977); *see also Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.").

Of course, PCG's motion presents the question of whether this Court may enjoin an arbitration proceeding – not a state court action.[3] Arbitration proceedings do not necessarily implicate the

---

[3] Whether this Court can order the "stay" of proceedings before the arbitration panels is a tricky question, but one which the Court need not answer since the Court could, if warranted, simply order the parties not to participate in the arbitration proceedings themselves. Of course, such a solution raises its own set of thorny issues – what would happen to the parties if their allegations were held not to have merit in the absence of their

Anti-Injunction Act or federalism concerns, generally.  That said, the Court notes that arbitration proceedings such as those at bar effectively serve the same purpose as a state court case and any resulting judgment would likely be enforced by a state court.  Thus, an understanding of the Anti-Injunction Act can be helpful, by analogy, in determining how to proceed.  Indeed, the Court is persuaded by the reasoning of the Eleventh Circuit Court of Appeals in *Klay*:

> Given that parallel state court proceedings may peacefully co-exist with *in personam* federal proceedings, it is difficult to understand why a parallel arbitration could not. Consequently, it would seem that the potential *res judicata* effect that the arbitration of arbitrable claims could have on a pending *in personam* federal case does not in itself permit a federal court to enjoin such arbitration.

*Klay,* 376 F.3d at 1111.

Starting with a general presumption that such parallel proceedings are acceptable, the Court turns its attention to the analysis required in order for a party to obtain an All Writs Act injunction.  First, the party seeking relief must identify an ongoing proceeding, a past order, or a judgment, the integrity of which is threatened by an action or behavior of which injunction is

---

participation in the proceedings or PCG was found to have defaulted in the absence of its participation, etc.  The Court need not concern itself with those issues since it has determined not to enter such an order, as explained herein.

sought. *Id.* at 1101. A district court may not enjoin other proceedings simply to protect its ability to render judgment in ongoing in personam proceedings. *Id.* at 1102. The mere fact that litigation or arbitration involving the same issues is proceeding concurrently in another forum does not "sufficiently threaten" a court's jurisdiction as to warrant an injunction under the All Writs Act. *Id.* at 1102-03.

Thus, "[e]ven if there is a danger that the state court might decide first and thereby deprive the federal judiciary from resolving the matter because of res judicata, injunctions of state court actions still are not allowed." *Id.* at 1103 (quoting Erwin Chemerinsky, *Federal Jurisdiction* § 14.2, at 842-43 (4th ed. 2003); *citing Atlantic C.L.R. Co. v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 295 (1970) (where "state and federal courts ha[ve] concurrent jurisdiction ... neither [i]s free to prevent either party from simultaneously pursuing claims in both courts"). In this Court's opinion, the same is no less true in the context of a concurrent proceeding in an arbitral forum. The desire to "prevent[ ] the piecemeal litigation that occurs when parties simultaneously assert claims in several forums," whether before a state court or an arbitration panel, is insufficient to warrant an injunction under the All Writs Act. *Id.*

PCG has asked this Court to follow the example of the United States District Court for the Eastern District of Louisiana in the

9

MDL styled *In re Taxable Mun. Bonds Litigation*. *See In re Taxable Mun. Bonds Litigation*, Civ. A. MDL No. 863, 1992 WL 205083 (E.D.La. Aug. 12, 1992). In the *Taxable Mun. Bonds* matter, the district court ordered the stay of all state court proceedings unless discovery in those proceedings was coordinated with the MDL and stayed all arbitrations involving a party to the MDL. *Id.* at *3. The Court is not persuaded that such an order is appropriate in this case.

This matter is easily distinguishable from that presented in the *Taxable Mun. Bonds Litigation*, in which the court had already entered an order prohibiting parties and their counsel of record in that MDL from participating in any proceeding "presently pending or filed prior to the termination of th[e] action[. . . ,] includ[ing] any issue cognizable in [the MDL], unless prior leave of Court [was] obtained." *Id.* at *1. No such order has been entered in this matter. Further, the order entered in *In re Taxable Mun. Bonds* bound only the parties to the MDL, and the plaintiff in the relevant state court action had already agreed to propose to the state court a discovery plan that coordinated with that present in the MDL. Here, PCG seeks relief against the Stroupes and Diamonds, non-parties to the actions consolidated in the MDL. It is only where there is a threat of "serious impairment" of the Court's ability to decide a matter, an extraordinary circumstance, that this Court may, by virtue of the All Writs Act, compel action by

non-parties who "are in a position to frustrate the implementation of a court order or the proper administration of justice." *United States v. New York Tel Co.*, 434 U.S. 159, 174 (1977); *see also United States v. City of Detroit*, 329 F.3d 515, 523 (6th Cir. 2003). The Court is not persuaded that this Court's ability to decide this matter is in danger of serious impairment by virtue of the Stroupes and Diamond's efforts to gain redress for alleged wrongs from PCG by means of arbitration.

Finally, this Court is not persuaded by the *Taxable Mun. Bonds* court's rationale that an injunction of arbitration proceedings addressing claims cognizable in an MDL is proper simply because "no authority prohibits [a district court] from staying all related arbitration proceedings, and because . . . such proceedings would needlessly duplicate discovery and unduly burden witnesses." *In re Taxable Mun. Bonds Litigation*, 1992 WL 205083 at *3. Rather, as outlined above, this Court is of the opinion that the limitations stated in the All-Writs Act counsel against an injunction in certain circumstances and certainly do so in this matter on the facts presented.

Accordingly, the Court declines to stay the Raifman, Stroupe, and Diamond JAMS arbitration proceedings until such time as discovery and other proceedings are coordinated with the discovery and pretrial schedule set into place by this Court. The fact that this matter may be resolved by and between PCG and the Raifmans,

11

Stroupes, and Diamonds in the arbitrations (or the state court proceedings, should jurisdiction be found wanting in the arbitral forum) in advance of the conclusion of matters pending before this Court is of no consequence. Similarly, the Court is not persuaded that this is an instance where participation in the arbitration proceedings and pre-arbitration discovery (no matter how informal or, for that matter, difficult discovery is to achieve in that forum – the two main complaints set forth in PCG's motion and reply) will somehow interfere with this Court's jurisdiction in the MDL.

Understandably, PCG wishes to avoid duplicative discovery and to take advantage of full access to the discovery taking place in the MDL, but there is, for example, no indication that PCG or any other party will be limited in their ability to meet their obligations to this Court or to fully participate in the matters pending before this Court if the arbitrations proceed.[4] Whether PCG may have adequate discovery in the arbitration proceedings (or state court cases, should the matters ultimately be resolved there) is an issue that may be addressed in that forum. For all the Court knows, it would benefit all of the parties to proceed as PCG

---

[4] Respondent makes the excellent point that if PCG's argument is actually that it would prefer to resolve the dispute with Raifman before this Court, PCG might have sought leave to intervene in *Raifman v. ClassicStar, LLC*, pursuant to Fed. R. Civ. P. 24(b)(1)(B), rather than bringing this request for discovery coordination between the arbitrations/state actions and the MDL.

12

suggests in its motion, but that is not for the Court to dictate.

Accordingly, for all of the reasons stated herein, **IT IS ORDERED** that PCG's Motion to Stay Pending Arbitrations and Prohibit Raifman from Litigating Pending State Court Proceedings [Record No. 327] shall be, and the same hereby is, **DENIED**.

This the 23rd day of July, 2008.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge