UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

|  |  |
|---|---|
| IN RE CLASSICSTAR MARE LEASE LITIGATION<br><br>and<br><br>SPENCER D. PLUMMER, III,<br><br>   Plaintiff,<br><br>v.<br><br>GEOSTAR CORPORATION, et al.,<br><br>   Defendants. | )<br>)   MDL No. 1877<br>)<br>)<br>)   Master File:<br>) Civil Action No. 5:07-cv-353-JMH<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 5:07-cv-352<br>)<br>)<br>)   **MEMORANDUM OPINION AND ORDER**<br>)<br>) |

**\*\*\* \*\*\* \*\*\***

This matter is before the Court on the Motion to Dismiss of Defendant Gastar Exploration Limited (hereinafter, "Gastar") this action pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction over Gastar [Lexington Civil Action No. 5:07-352-JMH, Record No. 17; Lexington Civil Action No. 5:07-353-JMH, Record No. 41]. Plaintiff Plummer has filed his Response, objecting to the motion [Lexington Civil Action No. 5:07-352-JMH, Record No. 18 Lexington Civil Action No. 5:07-353-JMH, Record No. 42]. Defendant Gastar has filed a Reply in further support of its motion [Lexington Civil Action No. 5:07-352-JMH, Record No. 19; Lexington Civil Action No. 5:07-353-JMH, Record No. 43]. The motion is now ripe for consideration.

I.   PROCEDURAL BACKGROUND

Plaintiff filed a complaint on May 24, 2007, in the Third Judicial District Court of Salt Lake County, Utah, against Geostar Corporation, ClassicStar, LLC, Gastar Exploration, Ltd., Thom Robinson, Tony Ferguson, and John W. Parrott.  In his Complaint, Plaintiff claims that Gastar Exploration, Ltd., is liable to him for the breach of a membership purchase agreement(Count II), the breach of a stock option agreement and the covenant of good faith and fair dealing (Count IV), negligently misrepresenting to him that ClassicStar Farm, Inc., was a duly incorporated Michigan corporation (Count V), and the breach of an arbitration agreement in his employment agreement (Count VI).  [Lexington Civil Action No. 5:07-352-JMH, Record No. 1-5.]  On June 21, 2007, the case was removed to the United States District Court for the District of Utah, Central Division, pursuant to 28 U.S.C. §§ 1332 and 1441(b), on diversity jurisdiction grounds.  [Lexington Civil Action No. 5:07-352-JMH, Record No. 1-3 and 1-4.] Subsequently, the case was transferred to this Court by order of the Judicial Panel on Multidistrict Litigation.  [Record No. 1]

Defendant Gastar has filed the present Motion to Dismiss, arguing that this Court lacks personal jurisdiction, specific or general, over Gastar and that an exercise of jurisdiction over Gastar would offend traditional notions of fair play and substantial justice.  For the reasons which follow, Defendant Gastar's motion is well-taken and shall be granted.

**II. DISCUSSION**

    **A.    Transferee Court Exercises Personal Jurisdiction Only to Same Extent as Transferor Court**

Special concerns arise when such a motion to dismiss for lack of personal jurisdiction is filed before a transferee Court in a multidistrict litigation, as follows:

> Personal jurisdiction over a non-resident defendant is governed by the law of the state in which a federal court sits. *Bensusan Restaurant Corp. v. King,* 126 F.3d 25, 27 (2d Cir.1997); *Gelfand v. Tanner Motor Tours, Ltd.,* 385 F.2d 116, 119 (2d Cir.1967). However, in a multidistrict litigation, the transferee court must apply the law of the transferor forum in determining issues of personal jurisdiction. *See Van Dusen v. Barrack,* 376 U.S. 612, 639-40, 84 S.Ct. 805, 821, 11 L.Ed.2d 945 (1964); *In re Plumbing Fixtures Litig.,* 342 F.Supp. 756, 758 (Jud.Pan.Mult.Lit.1972). Indeed, in cases that are consolidated for pretrial purposes under 28 U.S.C. § 1407, a transferee court can exercise personal jurisdiction only to the same extent as the transferor court could. *In re Agent Orange Prod. Liability Litig.,* 818 F.2d 145, 163 (2d Cir.1987).

*In re Sterling Foster & Co., Inc. Securities Litigation*, 222 F.Supp.2d 289, 300 (E.D.N.Y. 2002). Accordingly, in this matter, the Court will apply the law of the transferor forum (Utah) and shall exercise personal jurisdiction only to the same extent as could the United States District Court for the District of Utah.

    **B.    Personal Jurisdiction**

Plaintiff carries the burden of establishing personal

jurisdiction over Gastar.[1]  *Kuenzle v. HTM Sport-Und Freizeitgeräte AG*, 102 F.3d 454, 456 (10th Cir. 1996).  "'To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment.'"  *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999) (quoting *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995)).  "It is frequently helpful to undertake the due process analysis first, because any set of circumstances that satisfies due process will also satisfy the long-arm statute."[2]  *Systems Designs, Inc. v. New Customware Co., Inc.*, 248 F.Supp.2d 1093, 1097 (D. Utah 2003).

To satisfy the constitutional requirement of due process there

---

[1] The Court must give credit where credit is due.  A similar motion to dismiss was made by Gastar in *McNeill v. Geostar*, et al., Utah Civil Action No. 2:06-911-TS.  The Court has reviewed and largely reproduces here the excellent opinion of the Hon. Fenton Stewart in that matter, granting Gastar's motion to dismiss on grounds of lack of personal jurisdiction.  *See McNeill v. Geostar, et al.*, No. 2:06-CV-911-TS, 2007 WL 1577671 (D.Utah, May 29, 2007).

[2] Utah's long-arm statute should be "applied so as to assert jurisdiction to the fullest extent permitted by the due process clause."  Utah Code Ann. § 78-27-24(1); *see First Mortgage Corp. v. State Street Bank and Trust Co.*, 173 F.Supp.2d 1167, 1173 (D. Utah 2001).  "As a result, the first and third parts of the specific jurisdiction inquiry are identical and Utah courts 'frequently make a due process analysis first because any set of circumstances that satisfies due process will also satisfy the long-arm statute.'"  *First Mortgage Corp.*, 173 F.Supp.2d at 1170 (quoting *SII Megadiamond, Inc. v. American Superabrasives Corp.*, 969 P.2d 430, 433 (Utah 1998)).

must be "minimum contacts" between the defendant and the forum state. *World-Wide Volkswagen Co. v. Woodson*, 444 U.S. 286, 291 (1980). "When the evidence presented on the motion to dismiss consists of affidavits and other written materials, the plaintiff need only make a prima facie showing." *Bell Helicopter Textron, Inc. v. Heliqwest Intern., Ltd.*, 385 F.3d 1291, 1295 (10th Cir. 2004). "The allegations in the complaint must be taken as true to the extent that they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor." *Kennedy v. Freeman*, 919 F.2d 126, 128 (10th Cir. 1990).

The "minimum contacts" standard may be met by a finding of either jurisdiction or specific jurisdiction. In this case, Plaintiff asserts the Court has specific jurisdiction. When the "defendant has 'purposefully directed' his activities at residents of the forum," courts in that state may exercise specific jurisdiction in cases that "arise out of or relate to those activities." *Burger King v. Rudzewicz*, 471 U.S. 462, 472-73 (1985). In order for the Court to find specific jurisdiction, there must be "such minimum contacts with [Utah] that [Gastar] should reasonably anticipate being haled into court there . . .[,] i.e., "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (citation omitted); *First*

*Mortgage Corp. v. State Street Bank and Trust Co.*, 173 F.Supp.2d 1167, 1173 (D. Utah 2001). If the Court finds that the Defendant has adequate minimum contacts with the forum state, the Court must also determine that personal jurisdiction is reasonable in light of the circumstances surrounding the case or, in other words, that exercising personal jurisdiction would not offend traditional notions of "fair play and substantial justice." *Burger King*, 471 U.S. at 476. "Courts consider the following factors to decide whether exercise of jurisdiction is reasonable: (1) the burden on the defendant; (2) the forum state's interest in resolving the dispute; (3) the plaintiff's interest in receiving convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution fo controversies, and (5) the shared interest of the several states in furthering fundamental substantive policies." *Bell Helicopter*, 38 F.3d at 1296.

In support of its Motion to Dismiss, Gastar offers the Affidavit of J. Russell Porter [Lexington Civil Action No. 5:07-352-JMH, Record No. 17-3; Lexington Civil Action No. 5:07-353-JMH, Record No. 41-3], the president and chief executive officer of Gastar, asserting the following jurisdictional facts:

(1) Gastar does not reside, transact business, or maintain an office in Utah. Its principal place of business is in Houston, Texas, and its North American operations are limited to Texas, West Virginia, and Wyoming. [Porter Decl. at ¶ 3.]

(2) Gastar has no employees, agents, or designated agent for service of process in Utah. [*Id*. at ¶ 4.]

(3) Gastar does not contract to supply goods or services in Utah. [*Id*. at ¶ 5.]

(4) Gastar has not caused any tort injury, in whole or in part, in Utah. [*Id*. at ¶ 6.]

(5) Gastar does not hold itself out as a Utah Corporation and has never done so. Gastar has never been qualified or applied to be qualified to do business in the State of Utah. [*Id*. at ¶ 7.]

(6) Gastar has never directed marketing or advertising to residents of the State of Utah. [*Id*. at ¶ 7.]

(7) Gastar does not own, use, or possess any real property located in the State of Utah. Gastar maintains no bank accounts in Utah and does not transact banking business in the State of Utah. [*Id*. at ¶ 8.]

(8) Gastar is not an affiliate of Geostar Corporation, nor is Gastar an affiliate of ClassicStar Farms, Inc., or Defendant ClassicStar, LLC. [*Id*. at ¶¶ 9-10.]

Porter's affidavit is entirely uncontroverted by Plaintiff.[3] Rather, Plaintiff argues that an exercise of personal jurisdiction

---

[3] Frankly, the Court is unimpressed by Plummer's efforts to poke holes in Porter's affidavit. Conclusory statements referencing allegedly missing "salient and relevant facts evidencing Gastar's business transactions" and stating that "Classicstar, LLC . . . was an affiliate of Gastar are insufficient to controvert the sworn statements presented by Gastar. [Record No. 18 at 14.]

over Gastar is appropriate because co-Defendants Robinson, Parrott, and Ferguson are the officers, directors, and principals of Gastar, and they "clearly subject to this Court's jurisdiction based on their overwhelming contacts with Utah – where they have transacted business on behalf of Gastar."[4] [Lexington Civil Action No. 5:07-352-JMH, Record No. 18 at 8; Lexington Civil Action No. 5:07-353-JMH, Record No. 42 at 8 (emphasis in original omitted).] Plaintiff next argues that Gastar entered into a Stock Option Agreement, signed by John Parrot as Vice President of Gastar, with Plaintiff and that agreement is sufficient by itself to create personal jurisdiction because it arises in connection with the Employment Agreement which is the subject of this lawsuit. Indeed, Plaintiff theorizes that Gastar played an integral part in that Employment Agreement and was in a joint enterprise concerning Plummer's employment with the parties to the Employment Agreement because Gastar had officers and directors in common with other entities who

---

[4] Plaintiff's response also offers the conclusory observations that "[t]hrough its common principals, Gastar sent letters and emails to Plummer in Utah" and that these "common principals made personal visits to Plummer at the ClassicStar LLC offices in Utah." [Lexington Civil Action No. 5:07-352-JMH, Record No. 18 at 9; Lexington Civil Action No. 5:07-353-JMH, Record No. 42 at 9.] "It is well established that phone calls and letters are not necessarily sufficient in themselves to establish minimum contacts," *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1077 (10th Cir. 1995), and Plaintiff does not aver that these principals were in fact, present, in Utah on behalf of Gastar or that Gastar. His own argument, that the principals of Gastar were also principals of other organizations, recognizes the fact that these parties were not necessarily in Utah to business on behalf of Gastar but might have been present on behalf of any number of organizations.

were parties to the various agreements.

The Court is unpersuaded. The Employment Agreement by and between Plummer and "ClassicStar Farm, Inc. . . .[,] contemplated to be a GeoStar Corporation subsidiary" is the foundation for Plummer's claims, and Gastar is not a party to thereto. [*See* Exh. 1 to Compl., Lexington Civil Action No. 5:07-352-JMH, Record No. 1-5 at 18-24.] For that matter, Gastar is not a party to the Membership Purchase Agreement signed by S. David Plummer, Debora Plummer, and Thom Robinson as President of ClassicStar Farms, Inc.; the Amendment to the Membership Purchase Agreement signed by Plaintiff, Debora Plummer, S. David Plummer, and Thom Robinson as President of Classicstar Farms, Inc.; the Employment and Purchase Agreement Amendment signed by Spencer D. Plummer, Jr., and John Parrott as Vice President of GeoStar Corporation; or the Termination Agreement was signed by Spencer D. Plummer and Tony Ferguson as a manager of ClassicStar Farm. [*See* Exh. 2, 4, 5, and 6 to Compl., Lexington Civil Action No. 5:07-352-JMH, Record No. 1-6 at 1-20, 27-34.] Only the Stock Option Agreement with Plummer is signed by or on behalf of Gastar. [*See* Exh. 3 to Compl., Lexington Civil Action No. 5:07-352-JMH, Record No. 1-6 at 21-26.]

The Court is, thus, left to consider the import of the Stock Option Agreement signed by Plaintiff and John Parrot as Vice President of Gastar. Although Plummer alleges that Gastar was trying to "induce Plummer to work for the 'gas' companies and subsidiaries" [Lexington Civil Action No. 5:07-352-JMH, Record No.

18 at 8; Lexington Civil Action No. 5:07-353-JMH, Record No. 42 at 8], there is no allegation in the Complaint that Plummer performed work for Gastar or that Plummer performed any obligations under the Stock Option Agreement. There is no allegation that contract formation took place in Utah. There is no allegation of ongoing business between Plummer and Gastar after the Stock Option Agreement was executed. As such, the Court has nothing more before it than the allegation of the formation of a contract at some unknown place between a non-resident defendant and plaintiff, which is not enough by itself to allow a Utah court to exercise jurisdiction over a non-resident defendant. *Pro Axess, Inc. v. Orlux Distrib., Inc.*, 428 F.3d 1270, 1277 (10th Cir. 2005) ("The fact that [a non-resident defendant] made a contract with [a plaintiff] . . . located in Utah, is not enough on its own to allow a Utah court to exercise jurisdiction over [the non-resident defendant].").

In this case, Plaintiff's Complaint sets forth that Gastar is a Canadian corporation with its principal place of business if Houston, Texas. The facts before the Court further indicate that Gastar has no business, operational, marketing, or other presence in the State of Utah, and no other contacts with the state – other than the Stock Option Agreement with Plummer, a resident of Utah. The existence of the Stock Option Agreement by and between Gastar and Plummer, with nothing more, is insufficient upon which to premise personal jurisdiction over Defendant Gastar, and the Court

shall grant Defendant Gastar's Motion to Dismiss for lack of personal jurisdiction.

**III. CONCLUSION**

For all of the reasons stated herein, Defendant Gastar's Motion to Dismiss for lack of personal jurisdiction shall be granted.

Accordingly, **IT IS ORDERED**:

(1) that Defendant Gastar Exploration Limited's Motion to Dismiss [Lexington Civil Action No. 5:07-352-JMH, Record No. 17; Lexington Civil Action No. 5:07-353-JMH, Record No. 41] shall be, and the same hereby is, **GRANTED**;

(2) that the claims pending against Defendant Gastar Exploration in this matter shall be, and the same hereby are, **DISMISSED WITHOUT PREJUDICE**; and

(3) that the relief requested by the parties' Proposed Agreed Order to Extend Certain Dates [Lexington Civil Action No. 5:07-352-JMH, Record No. 35; Lexington Civil Action No. 5:07-353-JMH, Record No. 458], filed July 30, 2008, shall be, and the same hereby is **DENIED AS MOOT**.

This the 1st day of August, 2008.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge