```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION at LEXINGTON
```

|   |   |
|---|---|
|   | )   |
|   | )        MDL No. 1877 |
|   | ) |
| IN RE CLASSICSTAR MARE LEASE | ) |
| LITIGATION | )        Master File: |
|   | ) Civil Action No. 5:07-cv-353-JMH |
|   | ) |
| and | ) |
|   | ) |
| PETER FORTENBAUGH et al., | ) |
|   | ) |
|     Plaintiffs, | ) |
|   | ) Civil Action No. 5:08-cv-496-JMH |
| v. | ) |
|   | ) |
| CLASSICSTAR FINANCIAL | ) |
| SERVICES, INC., et al., | ) |
|   | ) |
|     Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

**\*\*\* \*\*\* \*\*\***

On April 14, 2009, this Court granted the Motion to Withdraw filed by counsel for Defendant Private Consulting Group, Inc. (hereinafter, "PCG"), and ordered PCG to retain new counsel within twenty days. [Lexington Civil Action No. 08-496-JMH ,Record No. 75.] Twenty-days expired on Monday, May 4, 2009, and, to date, there has been no appearance of counsel on behalf of PCG.

28 U.S.C. § 1654 provides that:

> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

Courts have interpreted this section to provide for two types of representation:

> . . . that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself. The statute does not allow for unlicensed laymen to represent anyone else other than themselves.

*Turner v. American Bar Ass'n,* 407 F.Supp. 451, 477 (N.D.Tex.1975). This is to say that only licensed attorneys may practice law on behalf of others. *Coleman Advertising, Inc. v. Visionmedia*, No. 02-cv-74416, 2003 WL 345368 at *2 (6th Cir. Jan. 31, 2003) (citing *Palazzo v. Gulf Oil Corp.,* 764 F.2d 1381, 1385-86 (11th Cir.1985); *Doherty v. American Motors Corp.,* 728 F.2d 334, 340 (6th Cir.1984)).

It is well settled that corporations, partnerships, and associations cannot appear in federal court except through a licensed attorney. *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993); *Doherty*, 728 F.2d at 340. Additionally, it is insufficient that the person attempting to represent a business entity is one of its officers. *Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir. 1970); *Moran v. A/C Financial, Inc.*, No. C-3-05-0071, 2006 WL 2815491, *3 (S.D. Ohio Sept. 28, 2006).

Clearly, as a corporation, PCG cannot appear before this Court except through a licensed attorney, and, in the absence of counsel, PCG is in default.

Accordingly, **IT IS ORDERED**:

(1) that the Clerk shall **ENTER A DEFAULT** as to Defendant Private Consulting Group, Inc.;

(2) that the Motion to Compel Mediation/Arbitration filed by Defendant Private Consulting Group, Inc. [Lexington Civil Action No. 07-353-JMH, Record No. 861; Lexington Civil Action No. 08-496-JMH, Record No. 62], shall be, and the same hereby is, **DENIED AS MOOT**;

(3) that the Clerk shall send a copy of this Memorandum Opinion and Order to Bob Keys, Private Consulting Group, Inc., 4650 SW Macadam, Suite 100, Portland, OR 97239.

This the 13th day of May, 2009.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge