UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

|  |  |
|---|---|
| IN RE CLASSICSTAR MARE LEASE LITIGATION | MDL No. 1877<br><br>Master File:<br>Civil Action No. 5:07-cv-353-JMH |
| PETER FORTENBAUGH, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GEOSTAR CORPORATION, et al.,<br><br>    Defendants, | Civil Action No. 5:08-496-JMH |

**MEMORANDUM OPINION & ORDER**

**\*\*\* \*\*\* \*\*\***

This matter is before the Court upon the Motion for Summary Judgment filed by Plaintiffs Peter Fortenbaugh and Betty Lee, individually, and in their capacity as Trustees of the Peter Fortenbaugh Trust, a California Trust, against Defendant ClassicStar Financial Services, Inc. ("CFSI") [DE 142]. In light of Plaintiffs' agreement to dismiss their claims against Defendants GeoStar Corporation, GeoStar Financial Services Corporation, and Tony Ferguson, the Court considers only their arguments with respect to Count V of their Complaint in which they aver that CFSI breached the parties' Equine and Working Interest Purchase

Agreement.[1]  Defendant CFSI has filed no response. Having considered the motion, the relevant law, and the undisputed facts, the Court concludes that summary judgment in favor of Plaintiffs is appropriate and the motion shall be granted. It shall be denied as moot with respect to the arguments made as to the now-dismissed defendants.

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "On summary judgment the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). While the moving party must demonstrate that no genuine issue of material fact exists, in response, the non-moving party must move beyond the pleadings and present evidence in support of its claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Conclusory assertions, supported only by Plaintiff's own opinions, cannot withstand a motion for summary judgment." *Arendale v. City*

---

[1] Plaintiffs have reached an agreement to dismiss all claims against Defendants GeoStar Corporation, GeoStar Financial Services Corporation, and Tony Ferguson. Accordingly, the Motion for Summary Judgment with respect to those Defendants is denied as moot.

*of Memphis*, 519 F.3d 587, 605 (6th Cir. 2008

In the instant matter, there are no disputed facts. Plaintiffs invested in a mare-lease business venture with ClassicStar, LLC. Then, in 2002, Plaintiffs converted a portion of their interests in the mare-lease program into gas working interests. Beginning in 2004, Plaintiffs began negotiations to sell their mare lease interests and their gas working interests. On September 30, 2005, Plaintiffs and CFSI executed a purchase agreement pursuant to which Plaintiffs would assign their mare lease and gas working interests to CFSI, which was accomplished by virtue of §§ II.A and II.B.5 of the Purchase Agreement. In exchange, CFSI agreed to pay Plaintiffs $6.1 million plus 6 percent interest, which began to accrue on September 1, 2005, according to a schedule set forth in the Purchase Agreement and to assume certain debt as specified in the Purchase Agreement. Geostar, on behalf of CFSI, made the first payment due under the Purchase Agreement, although it was made four months late. No further payments were made by CFSI or anyone on its behalf. As of today, $5,782,175.97 of the principal remains unpaid.

In order to obtain summary judgment on their claim for breach of contract, Plaintiffs must demonstrate with undisputed evidence (1) that there exists a contract between the parties, (2) that the terms of the contract required performance of a certain action, (3) that a breach occurred, i.e., that said action did not occur, and

(4) that the breach caused injury to them. *Synthes Spine Co., L.P. v. Calvert*, 270 F. Supp. 2d 939, 942 (E.D.Mich. 2003) (citing *Webster v. Edward D. Jones & Co.*, 197 F.3d 815, 819 (6th Cir. 1999) (applying Michigan law).[2]

The Fortenbaugh Plaintiffs have submitted declarations, documents, and admissions by Defendant supporting the conclusion that CFSI entered into a Purchase Agreement with the Peter Fortenbaugh Trust in which CFSI agreed to pay an amount certain in exchange for the Trusts' interests described above, that the Trust fulfilled its obligations under the Purchase Agreement by assigning the relevant interests to CFSI, and that CFSI then failed to pay the entire amount that it owed to the Trust as agreed, with the exception of one payment. Further, no one disputes and the Court concludes from the evidence presented that the principal amount due

---

[2] The Purchase Agreement specifies that it shall be enforced "under the laws of the State of Michigan." The Court has, therefore, applied the laws of Michigan in analyzing Plaintiffs' claim but notes that even if it applied the law of California (or even Kentucky), the law of which might be seen to govern the case in the absence of the application of Michigan law, the result would be the same. *See Oasis West Realty, LLC v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011) (elements of cause of action for breach of contract are "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff"); *Barnett v. Mercy Health Partners-Lourdes, Inc.*, 233 S.W.3d 723, 727 (Ky. Ct. App. 2007) (elements of claim are existence of contract, breach of contract, and damages).

The terms of the Purchase Agreement also provide that venue and jurisdiction for disputes lies in the State of Michigan. CFSI, however, has not challenged venue or jurisdiction in either this Court or the transferor court in light of that provision.

and owing under the Purchase Agreement is $5,782,175.97, plus interest, and that the Trust has suffered damages as a result of CSFI's failure to remit this amount.

The Court turns, then, to the calculation of damages. There is no dispute that the principal amount due under the Purchase Agreement, less the single payment made, is $5,782,175.97 and that this amount has not been paid. Nor is it disputed that, by the terms of the agreement, that interest in an amount of 6% per annum was due on that amount, beginning on September 1, 2005. Multiplying the amount due by the annual interest rate of 6% and dividing it by 365 one arrives at the daily interest accruing on the amount owed in the calendar years 2005, 2006, 2007, 2009, 2010, and 2011: $950.49. Multiplying the amount due by the annual interest rate of 6% and dividing it by 366 one arrives at the daily interest accruing on the amount owed in the calendar years 2008 and 2012 (each being a "leap year"): $947.89. Adding together the number of days on which interest is owed for 2005, 2006, 2007, 2009, 2010, and 2011, multiplied by $950.49, and the number of days on which interest is owed for 2008 and from the beginning of 2012 through today's date, multiplied by $947.89, one arrives at interest owed of $2,173,517.32. Adding together the principal amount due, less the single payment made, and the interest accrued daily from September 1, 2005 through the present date, one arrives at a total amount owed of $7,955,693.29, the amount of damages to

date.

Upon the Court's own motion, however, Plaintiffs' Sixth Cause of Action for Unjust Enrichment against CFSI will be dismissed since it cannot survive the decision to grant summary judgment in favor of Plaintiffs with respect to the breach of contract. Simply stated, since Plaintiffs, in their capacity as the Trustees of the Peter Fortenbaugh Trust, may recover from CFSI in contract, there is no reason to consider whether Plaintiffs should recover against the same party in quasi-contract. *See Belle Isle Grill Corp v. Detroit*, 666 N.W.2d 271 (2003) (contract to prevent unjust enrichment will be implied "only if there is no express contract covering the same subject matter" and summary disposition of unjust enrichment claim is properly granted where there is express contract covering same subject matter); *Klein v. Chevron U.S.A., Inc.*, 137 Cal. Rptr. 3d 293, 330-31 (Cal. Ct. App. 2012) ("A plaintiff may not, however, pursue or recover on a quasi-contract claim if the parties have an enforceable agreement regarding a particular subject matter."); *see also Killian v. Tunacakes Properties, Inc.,* No. 2010-CA-001396-MR, 2012 WL 162717, 3 (Ky. App. Jan. 20, 2012) (quoting *Sparks Milling Co. v. Powell*, 143 S.W.2d 75, 76 (1940)) (when "an express contract is made defining the circumstances under which an obligation may arise with reference to a certain subject matter such contract excludes the possibility of an implied contract concerning the same matter.").

6

Accordingly, **IT IS ORDERED**:

(1) that Plaintiffs' Motion for Summary Judgment [DE 142] is **GRANTED IN PART** and **DENIED AS MOOT** in part;

(2) that Plaintiffs shall have **TEN (10) DAYS** from entry of this Order to show cause why their Sixth Cause of Action for Unjust Enrichment against CFSI should not be dismissed with prejudice for the reasons stated above.

This the 6th day of April, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge